UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BRIAN HARGISS** | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | **JUDGE:** |
| **THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE CO.** | *<br>*<br>* | **MAGISTRATE:** |

**************************************************************************

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, The Princeton Excess and Surplus Lines Insurance Company ("PESLIC" and/or "Defendant"), who, with full reservation of all defenses, objections and rights, files this Notice of Removal pursuant to 24 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 and respectfully represents the following:

### Underlying Allegations

1. This action was filed in the 5th Judicial District Court for the Parish of Richland, State of Louisiana, entitled *"Brian Hargiss v. The Princeton Excess and Surplus Lines Insurance Company"*, No. C-48540 "A".

2. Plaintiff, Brian Hargiss ("Plaintiff" and/or "Hargiss"), alleges that PESLIC issued a retained limit policy of insurance nominally in favor of Louisiana Sheriff's Law Enforcement Program (the "Policy"). Petition, ¶ 2. It is further alleged that Richland Parish Sheriff Gary Gilley, former RPSO Deputy Darius Williams, former Deputy Leighton Linder and former RPSO Deputy James Simmons ("Insured Parties") were insured under the policy. Petition, ¶ 2.

3.     Plaintiff alleges that in a case that proceeded to trial in the United States District Court for the Western District of Louisiana judgment was entered against the Insured Parties under the Policy on October 21, 2021.  Said judgement, attached as Exhibit A to the Petition, is alleged to be a final judgment.  Petition, ¶ 2, 3.  Petition, Exhibit "A"

4.     Plaintiff alleges satisfactory proof of loss was provided to the PESLIC, within the meaning of La. R.S. 22:1892(A), by letter dated January 12, 2022, which is attached as Exhibit "B" to the Petition.  Petition, ¶ 5; Petition, Exhibit "B".

5.     Plaintiff alleges that PESLIC has failed to initiate loss adjustment or make written offer to settle Plaintiff's claim as required by La. R.S. 22:1892(A).   Petition, ¶ 6.

6.     Plaintiff seeks damages from PESLIC for the amount by which the final judgment rendered in the United States District Court for the Western District of Louisiana, exceeds the retained limit of the Policy, plus 50% of that amount as penalty, reasonable attorney's fees, legal interest from judicial demand and costs.  Petition, Conclusory Paragraph.

7.     As set forth in further detail below, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  There is complete diversity as to all parties, and the amount in controversy clearly exceeds the jurisdictional amount of $75,000.00, exclusive of interest and costs.

## Complete Diversity Exists as to All Parties

8.     Plaintiff, Hargiss, is alleged to be domiciled in Richland Parish, State of Louisiana. Petition, Introductory Paragraph.

9.     Defendant, PESLIC, is a surplus lines insurance company, is incorporated in Delaware, with its principal place of business in New Jersey.

10.     Complete diversity exists in this case between the parties for purposes of establishing jurisdiction under 28 U.S.C. § 1332, as Plaintiff and Defendant are citizens of different states.

**Amount in Controversy Exceeds $75,000.00**

11.     Based upon the allegations contained in the Petition, PESLIC reasonably believes and avers that the amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds the jurisdictional amount of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) set forth in 28 U.S.C. § 1441(a), which allows removal of state actions to federal courts.

12.     Attached to Plaintiff's Petition as Exhibit "A" is a copy of the Judgment signed by the Judge on October 21, 2022 in the underlying United States District Court for the Western District of Louisiana lawsuit.  In the Judgement it was ordered that "the defendants pay to the Plaintiff, to ethe extent found liable to the jury on the various claims the amount of THREE HUNDRED FORTY DOLLARS AND FORTY CENTS ($329,240.40)."  The Judgment further awards the payment of judicial interest as appropriate from the date of judicial demand.  See, Petition, Exhibit "A."

13.     Attached to Plaintiff's Petition as Exhibit "B" is a copy of the January 12, 2022 letter from Plaintiff's counsel to PESLIC, which contains a demand for payment from PESLIC and is alleged in the Petition to be "satisfactory proof of loss."  Petition, ¶ 5; Petition, Exhibit "B".

14.     Specifically, the January 12, 2022 letter, provides:

> According to my calculations the total amount owed under the judgment and your policy is $579,550.43, less the retained limit of $100,000.00.
>
> Prompt payment of $479,550.43 is demanded.

Petition, Exhibit "B".

15.     Plaintiff is also seeking to recover penalties in the amount of 50% of the final judgment, less the retained limit and attorney's fees.  Petition, Conclusory Paragraph.

16.     For purposes of removal jurisdiction, it is facially apparent from the allegations contained in the Petition and the Exhibits incorporated thereto, that Plaintiff's alleged damages exceed $75,000.00, exclusive of interest and costs,

17.     Based upon the foregoing, PESLIC submits that this Honorable Court has original jurisdiction over the entitled and numbered cause pursuant to 28 U.S.C. § 1332 as Plaintiff is diverse from the Defendant named in the Petition for Damages, Plaintiff's claims exceed $75,000.00.

## Removal Procedure

18.     Defendant is entitled to remove this case to this Honorable Court for disposition pursuant to the removal provisions of 28 U.S.C. § 1441, *et. seq.*

19.     Under 28 U.S.C. § 1441(a), venue of the removed action is proper in the United States District Court for the Western District of Louisiana, as the district and division embracing the parish in which the state court action is now pending.

20.     Plaintiff served PESLIC with the Petition on March 14, 2022.

21.     It has been within thirty days since the date on which PESLIC was served the Petition. Consequently, the time in which PESLIC may file a Notice of Removal to properly remove this case has not yet expired pursuant to 28 U.S.C. §1446(b)

{01028831.DOCX;1}

22. PESLIC, as the removing party, will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

23. Further, pursuant to 28 U.S.C. § 1446(d), PESLIC will promptly file a copy of this Notice of Removal with the Clerk of the 5th Judicial District Court for the Parish of Richland, Louisiana, where the action is currently pending.

24. A true and correct copy of all process, pleadings, orders, and other filings in the state court suit are being filed with this Notice of Removal as required by 28 U.S.C. § 1446(a) and are attached hereto as Exhibit "A".

25. Obtaining the consent to removal of all co-defendants is not necessary in the above captioned matter, as there are no additional named defendants.

26. PESLIC files this Notice of Removal without waiving any objections, exceptions, or defenses to Plaintiff's Petition for Damages or any other pleadings or demands filed by Plaintiff.

**WHEREFORE**, Defendant, The Princeton Excess and Surplus Line Insurance Company, prays that the suit entitled, *"Brian Hargiss v. The Princeton Excess and Surplus Lines Insurance Company"* now pending in the Fifth Judicial District Court for the Parish of Richland, State of Louisiana, and bearing docket number C-48540, Division "A", be removed to this, the United States District Court, Western District of Louisiana and for all just and equitable relief as allowed by law.

*Signature on next page*

Respectfully Submitted:

*/s/ Keith A. Kornman*

_____
SIDNEY W. DEGAN, III (#4804)
JOHN M. FUTRELL (#5865)
KEITH A. KORNMAN (#23169)
JENA W. SMITH (#25255)
DEGAN, BLANCHARD & NASH
400 Poydras St., Suite 2600
New Orleans, LA  70130
Tel.: (504) 529-3333
Fax: (504) 529-3337
sdegan@degan.com
kkornman@degan.com
jfutrell@degan.com
jsmith@degan.com
*Attorneys for Defendant,*
*The Princeton Excess and Surplus*
*Lines Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Notice of Removal* has been served upon all counsel record by facsimile, email, and/or placing same in the United States mail, postage prepaid and properly addressed and/or by ECF filing on the 4th day of April, 2022.

*/s/ Keith A. Kornman*
_____