UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRIAN PATRICK HARGISS** | **CIV. ACTION NO. 3:22-00886** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PRINCETON EXCESS & SURPLUS LINES INSURANCE CO** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand and associated request for costs and fees [doc. # 5] filed by Plaintiff Brian Hargiss. The motion is opposed. For reasons assigned below, it is recommended that the motion to remand and request for costs and fees be DENIED.

## Background

On February 25, 2022, Brian Hargiss filed the above-captioned suit against Defendant The Princeton Excess and Surplus Lines Insurance Company ("PESLIC") in the Fifth Judicial District Court for the Parish of Richland, State of Louisiana. (Petition). Hargiss asserted that PESLIC issued an insurance policy in favor of certain "Insured Parties," against whom Hargiss had obtained a final judgment following a jury trial. *Id.*[1] Although the final judgment in Hargiss's favor purportedly "fulfill[ed] the condition precedent for this suit," PESLIC has resisted its obligation to pay under the policy on the basis that it did not receive proper notice. *Id.* Because of the clarity of the law, Hargiss contends that PESLIC's failure to comply with Louisiana Revised Statute § 22:1892(A) was arbitrary and capricious. *Id.* He seeks to recover the amount by which the final judgment exceeded the retained limit, together with penalties and

---

[1] *See* Oct. 21, 2021, Judgment in *Hargiss v. LaSalle Corrections, L.L.C.*, Civ. Action No. 18-1466 (W.D. La.).

attorney's fees in accordance with Louisiana Revised Statute § 22:1892(B). *Id*.

On April 4, 2022, PESLIC removed the suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). PESLIC alleged that Hargiss is domiciled in Louisiana and that PESLIC is a surplus lines insurance company, incorporated in Delaware, with its principal place of business in New Jersey. *Id*. Because the underlying Final Judgment awarded Hargiss more than $329,240, and, in addition thereto, Hargiss seeks a 50 percent penalty, PESLIC asserted that the amount in controversy easily exceeds the requisite minimum for the exercise of diversity jurisdiction. *Id*.

On April 5, 2022, Hargiss filed the instant motion to remand for lack of subject matter jurisdiction. He argues that this suit constitutes a direct action, and, therefore, pursuant to 28 U.S.C. § 1332(c)(1), PESLIC also is deemed a citizen of the State where its insureds are citizens of, i.e., Louisiana. As a result, the parties are not diverse; the court lacks subject matter jurisdiction; and remand is required. He seeks an award of reasonable attorney's fees for his troubles.

PESLIC filed its opposition on April 25, 2022, wherein it argued that the "direct action" exception in § 1332(c)(1) did not apply where, as here, plaintiff already has obtained a judgment against the insureds. (Def. Opp. Memo. [doc. # 11]).

Hargiss filed a reply brief on April 27, 2022, in which he accused PESLIC of "some bizarre twist of logic" and maintained that this suit was a direct action as contemplated by § 1332(c)(1). He also re-urged his request for fees on account of the improvident removal.

The matter is now before the court.

## Discussion

A defendant may remove an action from state court to federal court, provided the action

is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

As recited earlier, PESLIC invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiffs and defendants, 28 U.S.C. § 1332(a). It is manifest that Hargiss's claims exceed the jurisdictional minimum. *See* Notice of Removal.[2] Thus, the sole jurisdictional issue is whether the parties are completely diverse.

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). It remains uncontroverted that Hargiss is a Louisiana domiciliary and citizen. (Petition and Notice of Removal). Furthermore, according to PESLIC, it is a corporation. (Notice of Removal). For purposes of diversity and removal,

---

[2] When, as here, the state court petition seeks a money judgment, but state law does not permit a demand for a specific sum, then the removing defendant(s) may assert the amount in controversy in its notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); 28 U.S.C. § 1446(c)(2)(A). Neither Hargiss nor the court questions the amount in controversy.

> **(1)** a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> > **(A)** every State and foreign state of which the insured is a citizen;
> >
> > **(B)** every State and foreign state by which the insurer has been incorporated; and
> >
> > **(C)** the State or foreign state where the insurer has its principal place of business . . .

28 U.S.C. § 1332(c)(1).

It is uncontested that PESLIC's state of incorporation is Delaware, and its principal place of business is New Jersey. (Notice of Removal). It likewise is established that PESLIC's insureds in this case are Louisiana citizens. Accordingly, if this matter *is* a direct action as contemplated by § 1332(c)(1), then PESLIC also is deemed to be a citizen of Louisiana, and the parties are not completely diverse. If this case is *not* a direct action under § 1332(c)(1), then the parties are completely diverse, and the court enjoys subject matter jurisdiction.

Hargiss emphasizes that PESLIC is a liability insurer against whom he filed suit without joining its insured in accordance with the Louisiana Direct Action Statute, Louisiana Revised Statute § 22:1269. Therefore, PESLIC is considered a citizen of Louisiana; diversity case foreclosed; remand required. While Hargiss's plain reading of § 1332(c)(1) enjoys some facial appeal,[3] as any practitioner well knows, the law is rarely so cut and dry. Indeed, this case presents no exception, and the court does not write on a blank slate.

---

[3] *See Gateway Residences at Exch., LLC v. Illinois Union Ins. Co.*, 917 F.3d 269, 272–73 (4th Cir. 2019) ("On its face, this language sweeps broadly, potentially covering any lawsuit in which a third party sues a liability insurer over its insured's conduct.").

From the start, one thing is clear: "[s]ection 1332(c) does not define what constitutes a direct action for purposes of the diversity determination." *Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1299–301 (11th Cir. 2014). Thus, the courts have stepped in to fill the gap. Contrary to Hargiss's suggestion, however, whether a suit qualifies as a "direct action" under state law is not the test. *Columbian Chemicals Co. v. Brandywine Grp. of Ins. & Reinsurance Companies*, Civ. Action No. 15-0382, 2015 WL 9948545, at *4 (M.D. La. Dec. 15, 2015), *R&R adopted,* 2016 WL 398188 (M.D. La. Feb. 1, 2016). Rather, the courts uniformly have defined the term "direct action" as "a suit in which the plaintiff sues a wrongdoer's liability insurer without joining or first obtaining a judgment against the insured." *Gateway Residences at Exch., LLC v. Illinois Union Ins. Co.*, *supra* (collecting cases); *accord Kong, supra* (collecting cases). This definition is consistent with the definition adopted by the Fifth Circuit: "a case in which a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insurer without joining the insured and without having first obtained a judgment against the insured." *Gorman v. Schiele*, Civ. Action No. 15-0790, 2016 WL 3583640, at *4 (M.D. La. May 20, 2016), *R&R adopted,* 2016 WL 3580669 (M.D. La. June 28, 2016) (quoting, *inter alia*, *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir. 1974)) (internal quotation marks omitted).

The definition for a direct action adopted by the courts is further supported by the purpose behind the 1964 "direct action" amendment, which was enacted to address the direct action statutes (existing only in Louisiana and Wisconsin at the time) that resulted in the "federal litigation of state-law tort claims establishing a local tortfeasor's liability." *Russell v. Liberty Ins. Underwriters, Inc.*, 950 F.3d 997, 1002 (8th Cir. 2020). Needless to say, this concern does not present itself under the present circumstances where, as here, a tort plaintiff already has

5

obtained a judgment of liability against the insureds before suing their insurer. *See Kong, supra*.

The reasoning behind the definition also makes sense on another level. As one court cogently explained,

> [i]f a plaintiff sues a tortfeasor's insurer without first joining the tortfeasor or obtaining a judgment against him, the insurer and tortfeasor have a unified interest in contesting liability and damages. Both want to retreat behind the castle walls, raise the drawbridge, and beg[i]n preparing to defend against the plaintiff's siege. And because both insurer and tortfeasor have manned the same walls, it only makes sense to treat them as citizens of the same jurisdiction. Which is exactly what § 1332(c)(1)'s exception seeks to accomplish. The situation changes, however, when the plaintiff has already conquered the tortfeasor. Then, the tortfeasor's allegiance shifts, and he has little choice but to join the plaintiff in his attempt to storm the insurer's castle. Hence it would make far less sense to treat the insurer and tortfeasor as allies in this scenario, and [case law] make clear that district courts should not do so.

*Porter v. Crumpton & Associates, LLC*, 862 F.Supp.2d 1303, 1307–08 (M.D. Ala. 2012). The foregoing is exemplified here, where Hargiss has obtained a judgment against the insured, who also has filed his own suit against PESLIC. *See Louisiana Sheriffs Law Enforcement Program, et al., v. Princeton Excess & Surplus Lines Insurance Co.*, Civ. Action No. 22-0952 (W.D. La.).

Consequently, it is no surprise that ever since the law was enacted, federal courts consistently have held that "litigation of the coverage issue between the injured party and the insurer after judgment of liability has been obtained against the insured is by no means a 'direct action' within the meaning of 28 U.S.C.A. § 1332(c)." *Gov't Emp. Ins. Co. v. LeBleu*, 272 F. Supp. 421, 431 (E.D. La.1967) (Heebe, J.); *see also Kong, supra*;[4] *Bourget v. Gov't Emp. Ins.*

---

[4] Citing, *inter alia*, 7A Steven Plitt et al., *Couch on Insurance 3d* § 107:4 (1995) ("Where one in the position of a judgment creditor as a result of having obtained a judgment against a tortfeasor commences an action against the tortfeasor's liability insurer to recover under the policy the damages for which the tortfeasor was adjudicated liable, such action is not a direct action within the meaning of the proviso to 28 U.S.C.A. § 1332(c)(1).").

*Co.*, 313 F. Supp. 367, 371 (D. Conn.1970); *Craige v. Gov't Employees Ins. Co.*, 408 F.Supp.3d 673, 676 (M.D.N.C. 2019); *Gateway Residences at Exch., LLC, supra*; *Russell v. Liberty Ins. Underwriters, Inc.*, 950 F.3d 997, 1002 (8th Cir .2020) ("[o]btaining a prior judgment or joining a local tortfeasor prevents the ill Congress sought to remedy with § 1332(c)(1)'s "direct action" provision . . ."); *Jenkins v. CLJ Healthcare, LLC*, 20-13745, 2021 WL 3661074, at *2 n.1 (11th Cir. Aug. 18, 2021) ("this lawsuit is not a direct action against the insurer because [plaintiff] had to first obtain a judgment in state court . . ."); *Camy v. Triple-S Propiedad, Inc.*, Civ. Action No. 15-2509, 2015 WL 3856097, at *3 (N.D. Ill. June 19, 2015) (this lawsuit is not a direct action because, *inter alia*, plaintiffs obtained judgment against insureds before filing suit against their insurer).[5]

In sum, this suit is not a direct action under § 1332(c)(1) because Hargiss first obtained a judgment against PESLIC's insureds before suing PESLIC. Therefore, the direct action exception to the ordinary citizenship principles for corporations is inapplicable; the parties are completely diverse, and the amount in controversy exceeds $75,000. As a result, the court enjoys subject matter jurisdiction, via diversity. 28 U.S.C. § 1332.

In the absence of an order of remand, Hargiss is not entitled to an award of fees and costs. *See* 28 U.S.C. § 1447(c) ("[a]n order *remanding* the case may require payment of just costs . . .") (emphasis added).

---

[5] In a case that shares a very similar procedural posture to the present case, no one, including the district court and the Fifth Circuit, suggested that the defendant insurance companies shared the citizenship of their in-state insured where the plaintiff already had obtained a judgment against the insureds. *See Lehmann v. GE Glob. Ins. Holding Corp.*, Civ. Action No. 04-2630, 2006 WL 1030382, at *3 (E.D. La. Apr. 13, 2006), *aff'd,* 524 F.3d 621 (5th Cir. 2008).

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to remand, and associated request for costs and fees [doc. # 5], filed by Plaintiff Brian Hargiss be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 21st day of June, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE