UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRIAN PATRICK HARGISS** | **CIV. ACTION NO. 3:22-00886** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PRINCETON EXCESS & SURPLUS LINES INSURANCE CO.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 13] filed by Defendant The Princeton Excess and Surplus Lines Insurance Company. The motion is opposed. For reasons explained below, it is recommended that the motion be GRANTED IN PART and DENIED IN PART.

### Background

On February 25, 2022, Brian Hargiss ("Hargiss") filed the above-captioned suit against Defendant The Princeton Excess and Surplus Lines Insurance Company ("PESLIC") in the Fifth Judicial District Court for the Parish of Richland, State of Louisiana. (Petition [doc. # 2]). Hargiss filed an amended petition on March 7, 2022, which also adopted, by reference, the allegations in the original petition. (Amend. Petition [doc. # 2]). Hargiss asserted that PESLIC issued an insurance policy in favor of certain "Insured Parties," against whom Hargiss had obtained a final judgment following a jury trial. *Id*.[1] Although the final judgment in Hargiss's favor purportedly "fulfill[ed] the condition precedent for this suit," PESLIC has resisted its obligation to pay under the policy on the basis that it did not receive proper notice. *Id*. Because of the clarity of the law, Hargiss contends that PESLIC's failure to comply with Louisiana Revised Statute § 22:1892(A) was arbitrary

---

[1] *See* Oct. 21, 2021, Judgment in *Hargiss v. LaSalle Corrections, L.L.C.*, Civ. Action No. 18-1466 (W.D. La.).

and capricious. *Id*. He seeks to recover the amount by which the final judgment exceeded the retained limit, together with penalties and attorney's fees in accordance with Louisiana Revised Statute § 22:1892(B). *Id*.

On April 4, 2022, PESLIC removed the suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). On April 5, 2022, Hargiss filed a motion to remand for lack of subject matter jurisdiction [doc. # 5]. After briefing, the court denied the motion to remand on July 14, 2022. [doc. #s 17 & 20].

Meanwhile on May 2, 2022, PESLIC filed the instant motion to dismiss for failure to state a claim upon which relief can be granted, seeking dismissal of:

1. Hargiss's claim under Louisiana Revised Statute § 22:1892 for penalties, consequential damages, and attorney's fees on the basis that a third-party, such as Hargiss, has no cause of action against an insurer to pay a judgment under § 22:1892; and

2. Hargiss's claim that PESLIC owes the amount by which the final judgment in the underlying action exceeds the retained limit in PESLIC's excess policy, because mere notice of a legal action, without greater detail, is insufficient under Louisiana law to trigger coverage under a claims-made policy.

On July 19, 2022, Hargiss filed his opposition to the motion to dismiss. [doc. # 22]. He disputed PESLIC's challenge to the viability of his § 22:1892 claim by endeavoring to distinguish the authority cited by PESLIC, and by citing a decision that permitted a third-party claim under § 22:1892(a)(1)(4) for an insurer's failure to offer to settle a property damage claim. *See State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 88 So.3d 1245 (La. App. 3d Cir. 2012). As for PESLIC's argument that he failed to allege specific facts to show that he provided timely and satisfactory notice of the loss to PESLIC, Hargiss simply replied that this was an evidentiary argument that was not properly raised within the context of a Rule 12(b)(6) motion.

PESLIC filed its reply brief on July 26, 2022. [doc. # 22]. On September 30, 2022, Hargiss filed, in effect, a sur-reply, which the court has stricken by separate order. Accordingly, the matter is ripe.

2

**Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*.

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989). Furthermore, "a complaint may be dismissed if it clearly lacks merit—for example, where there is an absence of law to support a claim of the sort made." *Thurman v. Med.*

3

*Transp. Mgmt., Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (citations and internal quotation marks omitted).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [its] legal argument." *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958).

Finally, when considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [her] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

## Analysis

The court will address PESLIC's arguments in reverse order.

**I.    Notice of the Claim**

The PESLIC insurance policy at issue in this case is a claims-made policy. (Amend. Petition). To invoke coverage under a claims-made policy, Hargiss must show that a claim was made against an insured and that the claim was reported to PESLIC by the insured, or a representative of the insured, during the policy period. *See, e.g.*, *Hood v. Cotter*, 5 So.3d 819 (La. 2008). According to PESLIC, the requisite notice must be specific and must include such details as the particular insured's employees involved, when the event occurred, the identity of the potential claimant(s), and the conduct at issue. *See* PESLIC Memo., pg. 9 [doc. # 13].

Here, the Petition, as amended, includes no more than the conclusory allegation that PESLIC "was given notice of the claim during the policy period." (Amend. Petition). If this sentence represented the only allegation of notice provided to the insurer, then PESLIC's argument might be well-taken. However, the insured, Sheriff Gary Gilley, has filed his own, separate suit against PESLIC, wherein he detailed the notice provided to PESLIC. *See Louisiana Sheriffs Law Enforcement Program, et al., v. Princeton Excess & Surplus Lines Insurance Co.*, Civ. Action No. 22-0952 (W.D. La.) ("*LSLEP*" suit). According to the complaint in *LSLEP*, Sheriff Gilley provided notice to PESLIC of Hargiss's underlying lawsuit in January 2019, during the policy period, including the date of loss, the name of the claimant, the type of claim, and a description of the allegations. (*LSLEP*, Compl.). PESLIC filed an answer in *LSLEP*, thereby implicitly conceding that the notice allegations in that suit were sufficiently detailed to state a plausible claim of relief. *See LSLEP* Answer.

The court may take judicial notice of the allegations in *LSLEP*, which also is pending before

Judge Doughty. The court will not elevate form over substance by requiring Hargiss to amend his complaint to incorporate the notice allegations from *LSLEP*.

In sum, the bare notice of claim allegation in this suit, when buttressed by the notice allegations in *LSLEP*, suffice to state a plausible claim for relief at the pleading stage.

## II.   Bad Faith Claim under § 22:1892

As stated earlier, Hargiss contends that PESLIC's failure to comply with Louisiana Revised Statute § 22:1892(A) was arbitrary and capricious, and, thus, he seeks penalties and attorney's fees under Louisiana Revised Statute § 22:1892(B). (Petition). Section 1892(A) (formerly numbered as § 22:658), sets forth the following obligations for insurers:

(1) to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest . . ."

(2) to "pay the amount of any *third-party property damage* claim and of any reasonable *medical expenses* claim due any bona fide *third-party claimant* within thirty days after written agreement of settlement of the claim from any *third-party claimant*."

(3) to "initiate loss adjustment of a *property damage* claim and of a claim for reasonable *medical expenses* within fourteen days after notification of loss by the claimant."

(4) to "make a written offer to settle any *property damage* claim, *including a third-party claim*, within thirty days after receipt of satisfactory proofs of loss of that claim."

La. R.S. § 22:1892(A)(1)-(4) (emphasis added).[2]

However, § 1892(A)(1) applies only to claims made by the insured, not third-party claimants. *Woodruff v. State Farm Ins. Co.*, 767 So.2d 785, 789 (La. App. 4th Cir. 2000) (discussing pre-revision § 22:658(A)(1)); *Thompson v. GuideOne Mut. Ins. Co.*, Civ. Action No. 14-2439, 2015 WL 4875953, at *3 (E.D. La. Aug. 13, 2015) (citation omitted). Furthermore, in the absence of an

---

[2] The foregoing statute is penal in nature, and, thus, must be strictly construed. *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1020 (La. 2003) (citation omitted) (discussing pre-revision version of § 22:1892).

allegation that a "written agreement of settlement" has been reached, then § 1892(A)(2) is inapplicable. *See Woodruff, supra*. Similarly, by its terms, § 1892(A)(3) does not contemplate a *third-party* claimant. See La. R.S. § 1892(B)(1)(a); *Armstrong v. Safeway Ins. Co.*, 47 So.3d 63 (La. App. 3d Cir. 2010) (the law does not require an insurer to offer a third-party claimant an unconditional tender). In addition, while § 1892(A)(4) *does* apply to third-party claims,[3] it is limited to claims for property damage. Here, of course, Hargiss's excessive force claims were for assault and battery, not property damage. Finally, § 1892(B)(1)'s penalty provision does not apply to an insurer's failure to pay a judgment. *Edwards v. Louisiana Farm Bureau Mut. Ins. Co.*, 182 So.3d 992, 998 (La. App. 1st Cir. 2015).

Accordingly, the court finds that Hargiss has no plausible claim for penalties and attorney's fees under § 1892.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 13] filed by Defendant The Princeton Excess and Surplus Lines Insurance Company be GRANTED IN PART, and that Plaintiff Brian Hargiss's claims for penalties and attorney's fees under Louisiana Revised Statute § 22:1892 be DISMISSED, with prejudice. FED. R. CIV. P. 12(b)(6).

IT IS FURTHER RECOMMENDED that the motion to dismiss [doc. # 13] otherwise be DENIED.

---

[3] *See State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 88 So.3d 1245, 1254 (La. App. 3d Cir. 2012) (§ 22:1892(B)(1) provides for an award of penalties in favor of a third-party claimant against an insurer for a violation of § 1892(A)(4)).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 17th day of October, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE