UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **BRIAN PATRICK HARGISS** | **CASE NO. 3:22-CV-00886 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PRINCETON EXCESS & SURPLUS LINES INSURANCE CO** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pursuant to a Minute Entry issued by the undersigned [Doc. No. 164], the Court ordered additional briefing on what portion of the Judgment amount remains against Defendant Princeton Excess and Surplus Lines Insurance Company ("Princeton") after this Court's prior coverage rulings. Both parties filed supplemental briefs [Doc. Nos. 165, 166, 167].

Also pending before the Court for consideration are Cross-Motions for Judgment on Partial Findings filed by Plaintiff Brian Patrick Hargiss ("Hargiss") [Doc. No. 168] and by Princeton [Doc. No. 169]. Both Hargiss and Princeton have filed responses [Doc. Nos. 174, 175, 179, 181 and 182].

**I.     BACKGROUND**

In a previous proceeding,[1] a jury awarded damages in favor of Hargiss against Deputies Travis Simmons ("Simmons"), Leighton Linder ("Linder"), and Darius Williams ("Williams"), who were deputies with the Richland Parish Sheriff's Office. Simmons was found liable for use of excessive force, and Linder and Williams were found liable for bystander liability under 42 U.S.C. § 1983. On Hargiss' state law claims, Simmons and Linder were found liable for the tort of intentional battery. The jury awarded Hargiss $429,240.40, which included a total of

---

[1] Hargiss v LaSalle, 3:18-cv-01466 ("LaSalle")

1

$100,000.00 in punitive damages against Simmons, Linder, and Williams.[2] The remainder of the award was $250,000.00 for past physical and mental injuries for pain and suffering, $50,000.00 for future physical and mental injuries for pain and suffering, and $29,240.40 in past medical expenses.[3] The jury found Simmons 50% at fault, Linder 25% at fault, and Williams 25% at fault.[4] The jury also found that Simmons, Linder, and Williams were employed by the Richland Parish Sheriff's Office and were doing work for which they were hired when the incident involving Hargiss occurred.[5]

Pursuant to the jury verdict, a Judgment[6] was rendered against Simmons, Linder, Williams, and Sheriff Gary Gilley ("Sheriff Gilley"). The jury found Sheriff Gilley vicariously liable under Louisiana law as an employer for the actions of Simmons and Linder with respect to the state law claims. However, Sheriff Gilley was not held vicariously liable for the federal bystander claims against Linder or Williams.[7]

After the Judgment became final, Hargiss filed this suit against Princeton, who issued a policy of insurance to the Louisiana Sheriffs' Law Enforcement Program ("LSLEP") and Sheriff Gilley.[8] The Policy contained a Retained Limits of $100,000.00 for each occurrence or wrongful act,[9] and provided specified coverage so long as all conditions for coverage were satisfied.[10] Additionally, LSLEP filed a Complaint[11] against Princeton seeking declaratory relief against

---

[2] LaSalle [Doc. No. 192]
[3] [Id.]
[4] [Id.]
[5] [Id.]
[6] LaSalle, [Doc. No. 201]
[7] [Id.]
[8] [Doc. No. 2]
[9] [Doc. No. 81-1, ¶ 12]
[10] [Id., ¶ 21-22]
[11] 3:22-cv-952 [Doc. No. 1]

Princeton for failure to pay the Hargiss Judgment and that the policy provides coverage to LSLEP and Sheriff Gilley for the Hargiss claim.

Several rulings have been since made. This Court found LSLEP made and reported the claim in accordance with the policy notification requirements;[12] the criminal act exclusion bars the bystander liability claims against Linder and Williams, but did not bar the intentional tort claim against Linder and the vicarious liability claims against Gilley;[13] a genuine issue of fact exists as to whether LSLEP complied with the policy's cooperation clause;[14] and a breach of the cooperation clause would not preclude Hargiss from pursuing a direct action against Princeton.[15]

There are two primary issues remaining:

> (1)  whether the Corridor Retention Endorsement ("CRE") provision of the Princeton policy applies; and
> (2)  the portion, if any, of the Hargiss judgment for which Princeton is responsible.

## II. LAW AND ANALYSIS

### A. Corridor Retention Endorsement

After this Court's July 26, 2024, Minute Entry,[16] Princeton argued the CRE, which allegedly imposes additional self-retention amount of $450,000.00 on LSLEP, results in Princeton not having to make any payment to Hargiss.[17] Although the CRE was mentioned in Princeton's Answer as its First Affirmative Defense,[18] this defense was not raised by Princeton in this lawsuit until now. Princeton previously filed a Motion to Dismiss,[19] a Motion for Summary Judgment on

---

[12] [Doc. No. 134]
[13] [Doc. No. 135]
[14] [Doc. No. 143]
[15] [Doc. No. 162]
[16] [Doc. No. 164]
[17] [Doc. No. 166, pp. 4-5]
[18] [Doc. No. 40, pp. 5-6]
[19] [Doc. No. 13]

3

whether claims were made and properly reported to Princeton,[20] a Motion for Summary Judgment as to the applicability of the Princeton Criminal Act Exclusion,[21] and a Motion for Summary Judgment regarding breach of the cooperation clause.[22]

If the CRE applies, Princeton argues it would not be responsible for payment to Hargiss unless the amount exceeded $450,000.00. Why Princeton waited until less than two months before trial to address an issue that would have effectively ended the case is unknown to this Court.

However, the issue must be fully briefed before the scheduled November 4, 2024, trial. Therefore, the CRE issue shall be addressed by the parties in accordance with the following schedule:

Princeton - Brief in Support – by October 11, 2024;

Hargiss and LSLEP Oppositions – by October 25, 2024; and

Princeton Reply – by November 1, 2024.

### B. Applicability of Hargiss Judgment to Princeton

The Judgment[23] in favor of Hargiss in the previous lawsuit totaled $429,240.40. $100,000.00 of that amount was for punitive damages against Simmons, Linder, and Williams. Punitive damages are clearly excluded under the Princeton policy.[24] The remaining $329,240.40 was against Simmons (50%), Linder (25%), and Williams (25%) for past medical expenses, past pain and suffering, and future pain and suffering.

This Court previously ruled that the Princeton criminal act exclusion excluded coverage for the award for bystander liability against Linder and Williams under 42 U.S.C. § 1983.[25] This

---

[20] [Doc. No. 75]
[21] [Doc. No. 76]
[22] [Doc. No. 78]
[23] LaSalle, [Doc. No. 201]
[24] [Doc. No. 40-1, p. 23]
[25] [Doc. No. 135, pp. 10-16]

Court also previously held that the criminal act exclusion did not exclude the vicarious liability claims against Gilley.[26]

Princeton argues that the total due before application of the CRE is $168,914.49, which reduces 25% of the award attributable to Williams ($82,310.10), credit for the LSLEP payment ($100,000.00), plus judicial interest from February 25, 2022, to August 16, 2024, ($21,984.19).

Hargiss argues the amount of the Hargiss Judgment applicable to Princeton would be $283,664.63. This would be the principal amount of $329,240.40, plus legal interest ($50,371.53), costs ($4,052.70), less the amount paid by LSLEP ($100,000.00).

The primary differences between the arguments are whether there should be a reduction for Williams' and Linder's portion of the Judgment and the amount of legal interest.

### (i)     Legal Interest

The prior Judgment awarded legal interest from the date of judicial demand.[27] That Judgment was not appealed and is final. Therefore, legal interest will run from date of judicial demand.

### (ii)    Williams' Portion

This Court finds Williams' portion should be deducted from the amount of the Judgment applicable to Princeton because Sheriff Gilley was determined to be vicariously liable only for the amount owed by Simmons and Linder. The LaSalle Judgment clearly states that Sheriff Gilley was found vicariously liable for the state law claims against Simmons and Linder. The jury only found Williams liable for the bystander liability claim under 42 U.S.C. § 1983, which this Court ruled is excluded from the Policy.[28] Therefore, Williams' 25% fault must be deducted from the Judgment.

---

[26] [Id. at pp. 17-21]
[27] LaSalle, [Doc. No. 201, p. 3]
[28] [Doc. No. 135, pp. 10-16]

### (iii) Linder's Portion

This Court finds Linder's portion should be partially deducted from the amount of the Judgment. The jury found Linder 25% at fault, liable for the bystander liability claim under 42 U.S.C. § 1983, and liable for the tort of intentional battery. Moreover, this Court previously ruled that although there was no breakdown of damages among the claims, they would presumably be the same.[29] In other words, the breakdown of Linder's 25% total liability splits 12.5% for the bystander liability claim and 12.5% for the battery claim.

Again, the Policy excludes coverage for Linder's bystander liability.[30] Additionally, the jury did not find Gilley vicariously liable for the bystander liability claim.[31] Thus, Linder's portion to the judgment must deduct the 12.5% associated to the bystander liability claim.

Because Williams and Linder were together held 37.5% at fault for the bystander liability claim, the remaining sum is $205,775.25 ($329,240.40 x 62.5%).

## III. CONCLUSION

Therefore, this Court holds (subject to the Corridor Retention Endorsement issue), the amount of the Hargiss Judgment applicable to Princeton is the principal sum $205,775.25, less the $100,000.00 retention amount paid by LSLEP, plus legal interest from date of judicial demand, plus all applicable court costs.

MONROE, LOUISIANA, this 27th day of September 2024.

_____
**TERRY A. DOUGHTY, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[29] LaSalle, [Doc. No. 230, p. 7].
[30] [Doc. No. 135, pp. 10-16]
[31] LaSalle, [Doc. No. 201]